ORIGINAL



1  JAMES A. MARISSEN, CASB No. 257699
   james.marissen@kyl.com
2  KRISTY A. HEWITT, CASB No. 274452
   kristy.hewitt@kyl.com
3  KEESAL, YOUNG & LOGAN
   A Professional Corporation
4  400 Oceangate, P.O. Box 1730
   Long Beach, California 90801-1730
5  Telephone: (562) 436-2000
   Facsimile: (562) 436-7416
6
   Attorneys for Specially Appearing Defendant
7  HYUNDAI MERCHANT MARINE (AMERICA) INC.

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA                MEJ

10

11  TUNG TAI GROUP, a California         $C$Case No. 12    6 0 4 5
12  corporation,

13                        Plaintiff,   NOTICE OF REMOVAL OF CIVIL
                                        ACTION TO THE UNITED STATES
14            vs.                       DISTRICT COURT FOR THE
                                        NORTHERN DISTRICT OF
15  HYUNDAI MERCHANT MARINE             CALIFORNIA
    (AMERICA) INC. and DOES 1-20,
16  inclusive,                          [28 U.S.C. §§ 1331, 1332, 1333, 1337,
                                        1441(a), 1441(b), and 1446]
17                       Defendant.
                                        [Declaration of James A. Marissen in
18                                      Support of Removal and a Request for
                                        Judicial Notice are filed concurrently
19                                      herewith]

20  TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

21  NORTHERN DISTRICT OF CALIFORNIA:

22

23         PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1331, 1332, 1333,

24  1337, 1441(a), 1441(b) and 1446 Specially Appearing Defendant, HYUNDAI

25  MERCHANT MARINE (AMERICA) INC. ("Hyundai") hereby removes to this Court the

26  state court action described below.

27         1.    On October 24, 2012, Plaintiff TUNG TAI GROUP ("TT Group") filed

28  a Summons and Complaint in the Superior Court of the State of California for the

                                    - 1 -                    KYL_LB1559527
    NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT
    COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA - Case No.

1  County of San Francisco, thereby commencing an action, entitled <u>TUNG TAI GROUP, a</u>

2  <u>California corporation v. HYUNDAI MERCHANT MARINE (AMERICA) INC. and</u>

3  <u>DOES 1-20, inclusive</u>, Case No. CGC-12-525400 ("State Court Action"). A true and

4  correct copy of the Summons and Complaint are attached hereto as Exhibit "A."

5          2.      Defendant Hyundai, being the only named Defendant in the

6  Complaint, was served with a copy of the Summons and Complaint on October 30, 2012.

7  (See: Declaration of James A. Marissen in Support of Removal of Action filed

8  concurrently herewith ("Marissen Decl.," ¶2).

9          3.      Although fictitiously named designated defendants (DOES 1-20) are

10 referred to in the Complaint, such fictitious defendants are to be disregarded for

11 purposes of this petition. (See: 28 U.S.C. § 1441(b)). Indeed, Defendant Hyundai, being

12 the only named Defendant in the Complaint, is not aware of any other Defendants being

13 named or served by Plaintiff TT Group (Marissen Decl., ¶3).

14         4.      The Complaint alleges causes of action against Defendant Hyundai

15 for breach of maritime contracts, negligence and/or conversion arising from the loss

16 overboard of containers from the vessel M/V HYUNDAI SINGAPORE ("the Vessel")

17 when she encountered heavy weather while in international waters on a voyage from

18 Oakland, California to Busan, Korea (See: Complaint, ¶4). Each of the containers had

19 been shipped onboard the Vessel by Plaintiff TT Group pursuant to bills of lading issued

20 on March 27 and 26, 2012 respectively. (See: Complaint, ¶4 and Ex. "A"). Each of these

21 bills of lading expressly incorporate the United States Carriage of Goods by Sea Act,

22 1936, 46 U.S.C. § 30701 *et seq.* (formerly 46 U.S.C §§ 1300-1315) (commonly referred to

23 as "COGSA") (See: Request for Judicial Notice of Lodgment of Complete Bill of Lading in

24 Support of Removal filed concurrently herewith, at clause 2(B)). Notwithstanding this

25 express incorporation, COSGA, by its own terms, compulsorily applies to "[e]very bill of

26 lading or similar document of title which is evidence of a contract for the carriage of

27 goods by sea to or form ports of the United States, in foreign trade …", and specifically

28 applies to the time between "when the goods are loaded on to the time when they are

- 2 -                 KYL_LB1559527

1  discharged from the ship" (See: 46 U.S.C. § 30701). Furthermore, COGSA completely

2  preempts state law and/or state law remedies, given that it provides the exclusive

3  remedy with respect to all loss or damage to goods carried under ocean bills of lading

4  (including for causes of action in negligence and/or conversion). See: *Norfolk Southern*

5  *Railway Co. v. Kirby*, 543 U.S. 14, 28-29 (2004); *Continental Ins. Co. v. Kawasaki Kisen*

6  *Kasha, Ltd.*, 542 F. Supp. 2d 1031, 1034-1035 (N.D. Cal. 2008); *Polo Ralph Lauren, L.P.,*

7  *v. Tropical Shipping & Constr. Co.*, 215 F.3d 1217, 1220 (11th Cir. 2000) and *Joe Boxer*

8  *Corp. v. Fritz Transp. Intern,* 33 F. Supp. 2d 851, 855 (C.D. Cal. 1998). Accordingly, as

9  all of the causes of action plead in the Complaint are completely preempted by federal

10  law (i.e. by COGSA), they are considered, from their inception, federal causes of action

11  which arise under federal law. See: *Ansley v. Ameriquest Mortg. Co.*, 340 F. 3d 858, 862

12  (9th Cir. 2003) and *In re Miles*, 430 F.3d 1083, 1088 (9th Cir. 2005). In these

13  circumstances, the District Court has original jurisdiction over maritime claims under

14  28 U.S.C. § 1333 and of claims asserted under COGSA, pursuant to either 28 U.S.C.

15  § 1331 (federal question) or 28 U.S.C. § 1337 (actions arising under federal laws

16  regulating commerce) given that the relevant bills of lading referenced in the Complaint

17  are subject to COGSA.

18          5.      Plaintiff TT Group is a California corporation with its principal place

19  of business in San Jose, California (See: Complaint ¶1). At all material times,

20  Defendant Hyundai was and is a Texas corporation with its principal place of business

21  in Texas (See: Marissen Decl.¶4).

22          6.      Plaintiff TT Group's lawsuit exceeds the amount in controversy

23  required of 28 U.S.C. § 1332(a). The matter in controversy exceeds the sum of

24  $110,265.45, exclusive of interest and cost. (See: Complaint ¶9, 13, and 16).

25          7.      This action is a civil action over which this Court has original

26  jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1333, and 1337 and is one which

27  Defendant Hyundai is entitled to remove to this Court pursuant to 28 U.S.C. §§ 1441

28  and 1446 in that the action presents a federal question on the face of the Complaint, it

1   arises under federal laws regulating commerce and/or diversity jurisdiction exists.

2           8.    No further proceedings have been filed in the above-referenced State

3   Court Action.

4           9.    This Notice of Removal is filed within thirty (30) days from the

5   service of the Complaint on Defendant Hyundai.

6         10.    The State Court is which this action was commenced, being the

7   Superior Court of the State of California for the County of San Francisco, is within this

8   Court's District.

9         11.    Defendant Hyundai has provided a Notice of Removal to the Clerk of

10   the Superior Court of the State of California for the County of San Francisco. A true and

11   correct copy of that Notice is attached as Exhibit "B."

12         WHEREFORE, Defendant Hyundai prays that the above-referenced State

13   Court Action pending in the Superior Court of the State of California for the County of

14   San Francisco be removed therefrom to this Court.

15

16   DATED: November 2, 2012

17                           JAMES A. MARISSEN

                               KRISTY A. HEWITT

18                           KEESAL, YOUNG & LOGAN

                               Attorneys for Specially Appearing

19                           Defendant

                               HYUNDAI MERCHANT MARINE

20                           (AMERICA) INC.

21

22

23

24

25

26

27

28

                             - 4 -                    KYL_LB1559527

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HYUNDAI MERCHANT MARINE (AMERICA) INC., and Does 1-20,
inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Tung Tai Group, a California Corporation.

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Francisco Superior Court<br>400 McAllister St., Rm. 205, San Francisco, CA 94102 | CASE NUMBER:<br>(Número del Caso):   CGC 12-525400 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
WILLIAM SIAMAS #131711   (408)288-8288
Morgan Franich Fredkin & Marsh
99 Almaden Blvd, Ste 1000, San Jose, CA 95113-1613

| DATE:<br>*(Fecha)*  OCT 2 4 2012    CLERK OF THE COURT | Clerk, by<br>*(Secretario)*  D. STEPPE | , Deputy<br>*(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

**BY FAX**

3. ☒ on behalf of *(specify):*  Hyundai Merchant Marine (America) Inc.

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

[SEAL]

SUMMONS

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
[American LegalNet, Inc.]

**EXHIBIT** A

5

1  Mark B. Fredkin (53550)
   William Siamas (133111)
2  Morgan, Franich, Fredkin & Marsh
   99 Almaden Boulevard, Suite 1000
3  San Jose, California 95113-1613
   Telephone: (408) 288-8288
4  Facsimile: (408) 288-8325

5  Attorneys for Plaintiff
   Tung Tai Group
6

ENDORSED
F I L E D
San Francisco County Superior Court

OCT 2 4 2012

CLERK OF THE COURT
BY: __DEBORAH STEPPE__
                    Deputy Clerk

7

8       SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO,

9                                          C G C - 1 2 - 5 2 5 4 0 0

10  TUNG TAI GROUP, a California corporation,    Case No.

11              Plaintiff,                       **COMPLAINT FOR DAMAGES**

12  vs.

13  HYUNDAI MERCHANT MARINE
    (AMERICA) INC. and DOES 1-20, inclusive,
14

15              Defendants.

                                          BY FAX

16      Plaintiff alleges:

17      1.      Plaintiff is a California corporation with its principal place of business in San

18  Jose, California.

19      2.      Defendant Hyundai Merchant Marine (America), Inc. ("Hyundai") is

20  California corporation doing business in San Francisco, California.

21      3.      Plaintiff does not know the true names and capacities, whether individual,

22  corporate, associate or otherwise of defendants sued herein by fictitious names. Plaintiff is

23  informed and believes that each said fictitiously-named defendant is in some way legally

24  responsible for the obligations of the other defendants and/or the damages sustained by

25  Plaintiff as more specifically described below and will seek leave to amend this Complaint

26  to insert the true names and capacities of said defendants when the same are ascertained.

27      4.      On or about March 26 and 27, 2012, Hyundai contracted with Plaintiff to

28  take delivery of, in Oakland, California, several containers of valuable scrap metal owned

Complaint                                    1

6

1  by Plaintiff, and ship them to arrive at a port in Korea aboard the vessel Hyundai
2  Singapore. The Agreement is memorialized by bills of lading which are attached hereto as
3  Exhibit A. When the vessel arrived in Korea, plaintiff's containers were missing. Hyundai
4  represented the containers had been washed overboard and lost at sea during the voyage.

5                          **FIRST CLAIM FOR RELIEF**

6                            **(Breach of Contract)**

7      5.    Plaintiff incorporates by reference each of the preceding allegations.

8      6.    Plaintiff performed all its obligations under its agreement with Hyundai.

9      7.    Hyundai breached the Agreement by failing to deliver the containers as agreed
10 by the parties.

11     8.    Hyundai further breached the covenant of good faith and fair dealing by
12 failing to take reasonable steps to secure the containers and the valuable scrap metal
13 therein to assure that they were delivered to the agreed upon destination.

14     9.    As a direct, foreseeable and proximate result of Hyundai's breaches, Plaintiff
15 has suffered damages for loss of the value of the goods, property, together with freight,
16 cover, delay and incidental damages, which are not less than $110,265.45.

17         Wherefore, Plaintiff requests judgment as hereinafter set forth.

18                         **SECOND CLAIM FOR RELIEF**

19                              **(Negligence)**

20     10.   Plaintiff incorporates by reference each of the preceding allegations.

21     11.   Hyundai and its agents and subcontractors, and others working in concert with
22 Hyundai, who are named as Does, took custody and had control over Plaintiff's property in
23 exchange for payment by plaintiff, and they had and undertook a duty to assure that the
24 property arrived at the intended destination.

25     12.   Defendants breached their duty of care, and were negligence, grossly
26 negligent, and reckless, by not taking steps and precautions which were customary and
27 reasonably necessary to secure Plaintiff's property and its arrival at the intended
28 destination.

2

Complaint

1  destination.

2      13.   As a direct, foreseeable and proximate result of Defendants' breach of duty,
3  Plaintiff has suffered damages for loss of the value of the goods, property, together with
4  freight, cover, delay and incidental damages, which are not less than $110,265.45.

5                   **THIRD CLAIM FOR RELIEF**

6                       **(Conversion)**

7      14.   Plaintiff incorporates by reference each of the preceding allegations.

8      15.   Hyundai and its agents and subcontractors, and others working in concert
9  with Hyundai, who are named as Does, interfered with Plaintiff's right of possession to the
10  containers and the valuable scrap metal therein by disposing of the property into the sea.

11      16.   As a direct, foreseeable and proximate result of Defendants' conversion,
12  Plaintiff has suffered damages for loss of the value of the goods, property, together with
13  freight, cover, delay and incidental damages, which are not less than $110,265.45.

14      WHEREFORE, Plaintiff requests judgment against Defendants as follows:

15      1.   For compensatory damages in an amount not less than $110,265.45, to be
16  proved at trial;

17      2.   For prejudgment interest;

18      3.   For costs of suit; and

19      4.   For such other and further relief as the Court deems just and proper.

20  Dated: October 23, 2012          MORGAN, FRANICH, FREDKIN & MARSH

21

22                    By:_____

23                      Attorneys for Plaintiff
                     Tung Tai Group

24

25

26

27

28

3

Complaint

# EXHIBIT A

9

Attention:O/E        From : S
Remark  :REV. CNER, FYI; SEAL CHANGED PER CUSTOMS, EMAIL NOTIFICATION
         WAS SENT ON 03/20 ON OEDBAPTXSHIPPING.COM

# BILL OF LADING

**HMM**

| | | Dated at | PHOENIX, AZ MAR. 27,2012 |
|---|---|---|---|

| Shipper/Exporter | Document No. | B.L.No. | KUMU |
|---|---|---|---|
| TUNG TAI GROUP | CAQR379008 | | OLBU2672247 |
| 1726 ROGERS AVENUE, | Export Reference | | |
| SAN JOSE, CA 95112, U.S.A | FWD:F12030290 | | |
| | SHP:TFX-201300171 | | |

| Consignee | Forwarding Agent References |
|---|---|
| SRA JU IND. CO., LTD. | APEX MARITIME CO.,INC. FMC#003338 |
| 1079-7, NARSAMRI, JUCHONMYRON, | 206 UTAH AVENUE     CHB#15889 |
| GIMHAR-CITY, GYUNGNAM, | SO. SAN FRANCISCO, CA 94080 |
| KOREA | Point and Country of Origin |
| ...        \. | CALIFORNIA |
| Notify Party - | Domestic Routing/Export Instructions |
| SRA JU IND. CO., LTD. | |
| 1079-7, NARSAMRI, JUCHONMYRON, | |
| GIMHAR-CITY, GYUNGNAM, | |
| KOREA | |

| Pre-Carriage by | Place of Receipt |
|---|---|
| | OAKLAND, CA, CY |

| Ocean Vessel/Voyage/Flag | Port of Loading | Onward Inland Routing |
|---|---|---|
| HYUNDAI SINGAPORE V06EW | OAKLAND, CA | |
| Port of Discharge | For Transshipment to | Final Destination |
| BUSAN, KOREA | | BUSAN, KOREA, CY |

## PARTICULARS FURNISHED BY SHIPPER

| Container No./Seal No. Marks and Numbers | No. of Containers or Other Pkgs | Description of Packages and Goods | Gross Weight | Measurement |
|---|---|---|---|---|
| | | SHIPPER'S LOAD,COUNT & WEIGHT; | 16,333.000 | 90.000 |
| | 2 X 40'HC | CONTAINERS STC:2 LOOSES | KGS | CBM |
| | | ALUMINIUM SCRAP - HG THLYC | | |
| | | NRT WEIGHT:36,333 MT | | |
| | | ARS ITM:#201203314070286 | | |
| | | FREIGHT PREPAID | | |
| | | THESE COMMODITIES, TECHNOLOGY OR SOFTWARE WERE EXPORTED FROM | | |
| | | THE UNITED STATES IN ACCORDANCE WITH THE EXPORT ADMINISTRATION | | |
| | | REGULATIONS. DIVERSION CONTRARY TO U.S. LAW IS PROHIBITED. | | |
| | | EDMU6346306 CH054866 1 LOOSE 18171.0000 45 CBM | | |
| | | BSIU9192303 3C76352 1 LOOSE 18162.0000 45 CBM | | |

| Total Number of Containers or Packages | 2 X 40'HC CONTAINERS | | | |
|---|---|---|---|---|

| Freight & Charges | Rate | Unit | Prepaid | Collect |
|---|---|---|---|---|
| O/F | $225.00 | 2.0000 4HDC | $450.00 | |
| BUC | $300.00 | 2.0000 4HDC | $600.00 | |
| CSR | $10.00 | 2.0000 4HDC | $20.00 | |
| DOL | $50.00 | 1.0000 B/L | $50.00 | |
| OCF | 10,000.0KRW | 3.0000 4HDC | | 40,000.00 |
| DOD | 30,000.0KRW | 1.0000 B/L | | 30,000.00 |
| THD | 137,000.0KRW | 2.0000 4HDC | | 274,000.00 |
| THC | $225.00 | 1.0000 4HDC | $225.00 | |

| Number of Original B/L | On Board Date | Total Charges | |
|---|---|---|---|
| THREE (3) | MAR. 27,2012 | | $1,345.00 |

10

O/B
REV

From : 5

# SEAWAY BILL

**HMM**

Date / at  PHOENIX, AZ MAR. 26,2012

| | |
|---|---|
| Shipper/Exporter<br>TONG TAI GROUP<br>1726 ROGERS AVENUE,<br>SAN JOSE, CA 95112 U.S.A | Document No.  B/L No.  HDMU<br>CAOA379247  OLWB2672241<br>Export References<br>FWD:F12030397<br>SHP:TPX-201200203 |
| Consignee<br>SEA JU IND. CO., LTD.<br>1079-7, NAESAMRI,<br>JUCHONGMYEON, GIMHAE-CITY,<br>GYUNGNAM, KOREA | Forwarding Agent References<br>APEX MARITIME CO.,INC. FMC#003338<br>206 UTAH AVENUE  CHB#15689<br>SO. SAN FRANCISCO, CA 94060<br>Point and Country of Origin |
| Notify Party<br>SEA JU IND. CO., LTD.<br>1079-7, NAESAMRI,<br>JUCHONGMYEON, GIMHAE-CITY,<br>GYUNGNAM, KOREA | Domestic Routing/Export Instructions |

| Pre-Carriage by | Place of Receipt<br>OAKLAND, CA, CY | |
|---|---|---|
| Ocean Vessel/Voyage/Flag<br>HYUNDAI SINGAPORE V045W | Port of Loading<br>OAKLAND, CA | Onward Inland Routing |
| Port of Discharge<br>BUSAN, KOREA | For Transshipment to | Place of Delivery<br>BUSAN, KOREA, CY | Final Destination |

## PARTICULARS FURNISHED BY SHIPPER

| Container No./Seal No.<br>Marks and Numbers | No. of Containers<br>or Other Pkgs | Description of Packages and Goods | Gross Weight | Measurement |
|---|---|---|---|---|
| | | "SHIPPER'S LOAD,COUNT & WEIGHT:"<br>2 X 40'HC CONTAINERS STC:2 LOOSES<br>ALUMINIUM SCRAP - HS TELIC<br>NET WEIGHT:38,165 MT<br>AES ITN:X20120321070865<br>FREIGHT PREPAID | 38,265.000<br>KGS<br>84,140<br>LBS | 90.000<br>CBM |
| ***EXPRESS BILL OF LADING ***<br>"COPY NON-NEGOTIABLE B/L RELEASE PROCEDURES"<br>THESE COMMODITIES, TECHNOLOGY OR SOFTWARE WERE EXPORTED FROM<br>THE UNITED STATES IN ACCORDANCE WITH THE EXPORT ADMINISTRATION<br>REGULATIONS,  DIVERSION CONTRARY TO U.S. LAW IS PROHIBITED.<br>HDMU6526355 3076359 1 LOOSE 18933.0000 45 CBM<br>HDMU5861800 3076360 1 LOOSE 19233.0000 45 CBM | | | | |

| Total Number of Containers<br>of Packages | 2 X 40'HC CONTAINERS | | | |
|---|---|---|---|---|
| Freight & Charges | Rate | Unit | Prepaid | Collect |

| Number of Original B/L | On Board Date<br>MAR. 26,2012 | Total Charges | | |
|---|---|---|---|---|

[]

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| WILLIAM SIAMAS, ESQ. [SBN 133111]<br>Morgan Franich Fredkin & Marsh<br>99 Almaden Blvd, Ste 1000, San Jose, CA 95113-1613<br>**TELEPHONE NO.:** (408)288-8288  **FAX NO.:** (408)288-8325<br>**ATTORNEY FOR** *(Name):* Tung Tai Group | **ENDORSED**<br>**F I L E D**<br>San Francisco County Superior Court<br><br>OCT 2 4 2012<br><br>**CLERK OF THE COURT**<br>BY: **DEBORAH STEPPE**<br>Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN FRANCISCO
**STREET ADDRESS:** 400 McAllister St., Rm 205
**MAILING ADDRESS:**
**CITY AND ZIP CODE:** San Francisco, 94102
**BRANCH NAME:** Civil Division

**CASE NAME:**
Tung Tai Group v. Hyundai Merchant Marine (America), Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | C G C - 1 2 - 5 2 5 4 0 0<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[X] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Three: Breach of Contract, Negligence and Conversion.
5. This case [ ] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

**BY FAX**

Date: 10/23/12

WILLIAM SIAMAS, ESQ.
*(TYPE OR PRINT NAME)*                                        *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

12

**CM-010**

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) (*if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability (*not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) (*not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      (*not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract (*not unlawful detainer
      or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff (*not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book account) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage (*not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property (*not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   (*arising from provisionally complex
   case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment (*non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      (*not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only (*non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case (*non-tort/non-complex)*
   Other Civil Complaint
      (*non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition (*not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

**CIVIL CASE COVER SHEET**

CASE NUMBER: CGC-12-525400 TUNG TAI GROUP, A CALIFORNIA CORPORATION VS. HY

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

DATE:     MAR-27-2013

TIME:     10:30AM

PLACE:    Department 610
          400 McAllister Street
          San Francisco, CA 94102-3680

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110
no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order,
without an appearance at the case management conference, if the case management
statement is filed, served and lodged in Department 610
twenty-five (25) days before the case management.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and
complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL
CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-
JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR
SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION
PRIOR TO A TRIAL.
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each
defendant along with the complaint. All counsel must discuss ADR with clients and opposing
counsel and provide clients with a copy of the Alternative Dispute Resolution Information
Package prior to filing the Case Management Statement.

[DEFENDANTS: Attending the Case Management Conference does not take the
place of filing a written response to the complaint. You must file a written
response with the court within the time limit required by law. See Summons.]

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.

14



# Superior Court of California, County of San Francisco
## Alternative Dispute Resolution
## Program Information Package



> The plaintiff must serve a copy of the ADR information package
> on each defendant along with the complaint. (CRC 3.221(c))

## WHAT IS ADR?
Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to court.

## WHY CHOOSE ADR?
"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial." (Local Rule 4)

ADR can have a number of advantages over traditional litigation:
- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money**, including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

## HOW DO I PARTICIPATE IN ADR?
Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's ADR programs by any of the following means:
- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet) at the clerk's office located at 400 McAllister Street, Room 103;
- Indicating your ADR preference on the Case Management Statement (also attached to this packet); or
- Contacting the court's ADR office (see below) or the Bar Association of San Francisco's ADR Services at 415-982-1600 or www.sfbar.org/adr for more information.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA  94102
415-551-3876

*Or, visit the court ADR website at www.sfsuperiorcourt.org*

15

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

## 1) EARLY SETTLEMENT CONFERENCES

The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute.

**(A) THE BAR ASSOCIATION OF SAN FRANCISCO (BASF) EARLY SETTLEMENT PROGRAM (ESP):** This program, provided in conjunction with the court, pairs parties with a two-member volunteer attorney panel. The panels are comprised of one plaintiff and one defense attorney, each with at least 10 years of trial experience. On occasion, a panelist with extensive experience in both plaintiff and defense roles serves as a sole panelist.

**Operation:** The settlement conference typically occurs 2 to 3 months prior to the trial date. BASF informs the participants of the conference date well in advance and provides the names of the panelists and location of the conference approximately 2 weeks prior to the conference. Panelists provide at no cost up to 2 hours of their time at each conference, and many panelists provide additional time at no cost if a settlement is imminent. A conference typically begins with a brief meeting with all parties and their attorneys during which each side presents an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of their cases, utilizing private meetings as appropriate. If a case does not settle during the first two hours, parties have the option to hire the panelists to continue the conference.

**Cost:** BASF charges an administrative fee of $250 per party. For information on fees for cases involving multiple parties, please contact BASF. Parties who meet certain eligibility requirements may request a waiver of the fee. For more information, please contact BASF's ESP Coordinator at 415-782-9000 ext. 8717 or visit www.sfbar.org/esp.

**(B) COURT SETTLEMENT CONFERENCE:** Parties may elect to apply to the Presiding Judge's department for a specially-set mandatory settlement conference. See Local Rule 5.0 for further instructions. Upon approval of the Presiding Judge, the court will schedule the conference and assign the case for a settlement conference.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement, before incurring the expense of going to court, that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law. A mediator strives to bring the parties to a mutually beneficial settlement of the dispute.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO,** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending.

ADR-1 07/12 (ja)                     Page 2

16

**Operation:** A mediator provides at no cost one hour of preparation time and two hours of mediation time. After those three hours, if the case is not resolved, parties have the option to continue the process and pay the mediator at his or her regular hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties may select a specific mediator or BASF will help the parties make a selection. The BASF website contains photographs, biographies, and videos of the mediators as well as testimonials to assist with the selection process.

**Cost:** BASF charges an administrative fee of $250 per party. For information on fees for cases involving multiple parties, please contact BASF. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Parties who meet certain eligibility requirements may request a waiver of the fee. For more information, please contact BASF's Mediation Coordinator at 415-782-9000 ext. 8787 or visit www.sfbar.org/mediation.

**(B) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private mediation. Parties may elect any private mediator or mediation organization of their choice; the selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will very depending on the mediator selected.

### 3) ARBITRATION

An arbitrator is neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

**(A) JUDICIAL ARBITRATION:** When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial.

**Operation:** Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the court's Arbitration Panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 30 days after the arbitrator's award has been filed.

Local Rule 4.2 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after the filing of a complaint. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

**Cost:** There is no cost to the parties for judicial arbitration.

**(B) PRIVATE ARBITRATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

ADR-1  07/12 (ja)                              Page 3

17

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and address)* | FOR COURT USE ONLY |
|---|---|
| | |

TELEPHONE NO.:

ATTORNEY FOR *(Name)*:

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
400 McAllister Street
San Francisco, CA 94102-4514

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|
| | DEPARTMENT 610 |

1) The parties hereby stipulate that this action shall be submitted to the following ADR process:

☐ **Early Settlement Program of the Bar Association of San Francisco (BASF)** - Pre-screened experienced attorneys provide a minimum of 2 hours of settlement conference time for a BASF administrative fee of $250 per party. Waivers are available to those who qualify. BASF handles notification to all parties, conflict checks with the panelists, and full case management. www.sfbar.org/esp

☐ **Mediation Services of BASF** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $250 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐ **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the internet.

☐ **Judicial Arbitration** – Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org

☐ **Other ADR process (describe)** _____

2) The parties agree that the ADR Process shall be completed by (date): _____

3) Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____

_____

| | |
|---|---|
| _____<br>Name of Party Stipulating | _____<br>Name of Party Stipulating |
| _____<br>Name of Party or Attorney Executing Stipulation | _____<br>Name of Party or Attorney Executing Stipulation |
| _____<br>Signature of Party or Attorney | _____<br>Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: _____ | Dated: _____ |

☐ *Additional signature(s) attached*

ADR-2 07/12        STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION

## WHAT IS BASF'S MEDIATION SERVICE?

The Bar Association of San Francisco's Mediation Services is a private mediation service which will assist you with almost any type of dispute, from simple contract disputes to complex commercial matters.

## WHO ARE THE MEDIATORS?

They are established mediators who have private mediation practices and have met our extensive experience requirements. By going through BASF you receive the services of these highly qualified mediators at a great value.

## HOW DO I LEARN MORE ABOUT THE MEDIATORS?

BASF's website (www.sfbar.org/mediation) provides blog, photos and hourly rates of mediators. You can search by name or by area of law needed for your case. BASF staff is also always available to assist you with selection or to answer questions.

## HOW MUCH DOES THE SERVICE COST?

A $250 per party administrative fee is paid to BASF at the time the Consent to Mediate form is filed. This fee covers the first hour of mediator preparation time and the first two hours of session time. Time beyond that is paid at the mediator's normal hourly rate.

## HOW IS THE MEDIATOR CHOSEN?

You may request a specific mediator from our website (www.sfbar.org/mediation) and indicate your choice on the BASF Consent to Mediate form, or you may indicate on the form that you would like BASF staff to assist with the selection.

## WHY SHOULD I GO THROUGH BASF? CAN'T I JUST CALL THE MEDIATOR DIRECTLY?

BASF mediators have agreed to provide three free hours as a service to BASF. If you go directly to one of our mediators, you do not qualify for the free hours unless you notify us. Once you have filed with us, you will talk directly to the mediator to ask questions and to set a convenient mediation date and time.

## HOW LONG IS THE MEDIATION SESSION?

The time spent in mediation will vary depending on your dispute. BASF mediators are dedicated to reaching a settlement, whether you need a few hours or several days.

## WHO CAN USE THE SERVICE?

BASF mediation can be utilized by anyone and is NOT limited to San Francisco residents or issues. Also, the service may be used before a court action is filed or at any time during a court action.

## OUR CASE IS FILED IN COURT; HOW DO WE USE BASF'S MEDIATION SERVICES?

When you file the San Francisco Superior Court's Stipulation to ADR form, check the box indicating "Mediation Services of BASF." Then complete BASF's Consent to Mediate form found on our website and file it with us. (If the matter was filed in a different county, please check with that court for the appropriate process.)

## WE ARE ON A DEADLINE; HOW QUICKLY CAN WE MEDIATE?

Once all parties have filed all the paperwork, BASF can normally have you in touch with the mediator within a day or two. If there is a deadline, BASF staff will give the matter top priority.

## WHAT TYPES OF DISPUTES CAN I MEDIATE?

BASF mediators are trained in 30+ areas of law. If you don't see the area you need on our website or in this brochure, contact us; it is very likely we can match your need with one of our panelists.

## MORE INFORMATION

Visit our website (www.sfbar.org/mediation) where you can search by name or by area of law. For personal assistance, please call 415-982-1600.

# MEDIATION SERV

## MEDIATION SERVICES

THE BAR ASSOCIATION OF SAN FRANCISCO

## TESTIMONIALS

"This was the third attempt to mediate this case, and the BASF mediator was far and away the best mediator. I dare say that we would not have settled today but for his efforts."

George Yuhas, Esq,
Orrick, Herrington & Sutcliffe LLP

"We had an excellent experience and, after 8½ hours of mediation, [the BASF mediator] settled a very difficult case involving claims against four clients of ours by a wealthy investor who claimed inadequate disclosure was made."

Robert Charles Friese, Esq,
Shartsis Friese LLP

"When the other side made their offer, I thought there was no way we would reach an agreement – we were too far apart, but the mediator brought us together. He saved me a lot of time and aggravation by facilitating a settlement. Thanks!"

Leslie Caplan
Global Warming Campaign Manager
Bluewater Network

"BASF staff was very helpful – stayed on the task and kept after a hard to reach party. The mediator was great!"

Mark Aberton, Esq,
Campagnoli, Abelson & Campagnoli

"The [BASF] mediator was excellent! He was effective with some strong, forceful personalities."

Denise A. Leadbetter, Esq,
Zacks, Utrecht & Leadbetter

## EXPERIENCED MEDIATORS ARE AVAILABLE IN THE FOLLOWING AREAS

- Business
- Civil Rights
- Construction
- Contracts
- Disability
- Discrimination
- Education
- Employment/Workplace/
  Environmental
- Family
- Family/Controlled Specialists
- Fee Disputes
- Financial
- Government
- Insurance
- Intellectual Property
- Internal Organizational/
  Labor
- Landlord/Tenant
- LGBT Issues
- Management/Governance of Professionals
- Personal Injury
- Probate/Trusts
- Products Liability
- Real Estate
- Securities
- Taxation
- Uninsured Motorists
- Women's
- And more...

1   JAMES A. MARISSEN, CASB No. 257699
    james.marissen@kyl.com
2   KRISTY A. HEWITT, CASB No. 274452
    kristy.hewitt@kyl.com
3   KEESAL, YOUNG & LOGAN
    A Professional Corporation
4   400 Oceangate, P.O. Box 1730
    Long Beach, California 90801-1730
5   Telephone: (562) 436-2000
    Facsimile: (562) 436-7416
6
    Attorneys for Specially Appearing Defendant
7   HYUNDAI MERCHANT MARINE (AMERICA) INC.

8             **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                 **FOR THE COUNTY OF SAN FRANCISCO**

10

11   TUNG TAI GROUP, a California   )  Case No. CGC-12-525400
12   corporation,   )
                      )  *Action Filed: October 24, 2012*
13                Plaintiff, )
                      )  *ASSIGNED FOR ALL PURPOSES TO:*
14         vs.       )     *Judge Katherine Feinstein, Dept. 206*
                      )
15   HYUNDAI MERCHANT MARINE  )  **NOTICE TO THE CLERK OF THE**
    (AMERICA) INC. and        )  **SUPERIOR COURT OF THE FILING**
16   DOES 1-20, inclusive,      )  **OF REMOVAL AND REMOVAL OF**
                      )  **ACTION TO UNITED STATES**
17            Defendant. )  **DISTRICT COURT**
                      )
18                       )
                      )
19                       )
                      )
20

21   TO THE CLERK OF THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA

22   FOR THE COUNTY OF SAN FRANCISCO:

23

24         PLEASE TAKE NOTICE THAT on November 29, 2012, Defendant

25   HYUNDAI MERCHANT MARINE (AMERICA) INC. removed the above-entitled action

26   to the United States District Court for the Northern District of California. Attached

27   hereto as Exhibit "A" are true and correct copies of the Notice of Filing of Removal of

28   Action, Notice of Removal, Declaration of James A. Marissen and a Request for Judicial

**EXHIBIT** B            2(  - 1 -                  KYL_LB1559524

1    Notice, the originals of which have been filed in the United States District Court for the

2    Northern District of California in connection with the above-entitled action.

3          PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C. § 1446(d),

4    the filing of the attached Notice of Removal with the federal court effects removal of this

5    action, and this Court may proceed no further unless and until the case is remanded.

6

7

8    DATED: November 28th, 2012

                                          JAMES A. MARISSEN

9                                           KRISTY A. HEWITT

                                          KEESAL, YOUNG & LOGAN

10                                         Attorneys for Specially Appearing

                                          Defendant

11                                         HYUNDAI MERCHANT MARINE

                                          (AMERICA) INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                       22    - 2 -                               KYL_LB1559524

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Keesal, Young & Logan, 400 Oceangate, P.O. Box 1730, Long Beach, California 90801-1730.

On November 29, 2012, I served the foregoing documents described as **NOTICE OT THE CLERK OF THE SUPERIOR COURT OF THE FILING OF REMOVAL AND REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT** on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Mark B. Fredkin                                  Attorneys for Plaintiff,
William Siamas                                   TUNG TAI GROUP
Morgan, Franich, Fredkin & Marsh
99 Almaden Blvd., Suite 1000
San Jose, CA 95113-1613
Tel: (408) 288-8288  Fax: (408) 288-8325

☒  BY U.S. MAIL: I enclosed the documents in a sealed envelope or package addressed to the above-named persons at the addresses exhibited therewith and I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Long Beach, California.

Executed on November 29, 2012 at Long Beach, California.

I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

TAMMY WADE

1  JAMES A. MARISSEN, CASB No. 257699
   james.marissen@kyl.com
2  KRISTY A. HEWITT, CASB No. 274452
   kristy.hewitt@kyl.com
3  KEESAL, YOUNG & LOGAN
   A Professional Corporation
4  400 Oceangate, P.O. Box 1730
   Long Beach, California 90801-1730
5  Telephone: (562) 436-2000
   Facsimile: (562) 436-7416
6
   Attorneys for Specially Appearing Defendant
7  HYUNDAI MERCHANT MARINE (AMERICA) INC.

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                  **FOR THE COUNTY OF SAN FRANCISCO**

10

11  | TUNG TAI GROUP, a California | ) | Case No. CGC-12-525400 |
12  | corporation, | ) | |
    | | ) | *Action Filed: October 24, 2012* |
13  | Plaintiff, | ) | |
    | | ) | *ASSIGNED FOR ALL PURPOSES TO:* |
14  | vs. | ) | *Judge Katherine Feinstein, Dept.206* |
    | | ) | |
15  | HYUNDAI MERCHANT MARINE | ) | **DEFENDANT HYUNDAI MERCHANT** |
    | (AMERICA) INC. and | ) | **MARINE (AMERICA) INC.'S NOTICE** |
16  | DOES 1-20, inclusive, | ) | **TO THE ADVERSE PARTY OF** |
    | | ) | **REMOVAL OF ACTION TO THE** |
·17 | Defendant. | ) | **UNITED STATES DISTRICT COURT** |
    | | ) | |
18  | | ) | |
    | | ) | |
19  | | ) | |
    | | ) | |
20

21  TO PLAINTIFF TUNG TAI GROUP AND ITS ATTORNEYS OF RECORD:

22          PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed

23  in the United States District Court for the Northern District of California on

24  November 29, 2012.

25

26

27

28  ///

                              24      -1-                        KYL_LB1559525

DEFENDANT HYUNDAI MERCHANT MARINE (AMERICA) INC.'S NOTICE TO THE ADVERSE
PARTY OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT

1    A copy of the said Notice of Removal is attached to this Notice, and is

2  served and filed herewith.

3

4  DATED: November 28, 2012

5                                                JAMES A. MARISSEN
                                                 KRISTY A. HEWITT
6                                                KEESAL, YOUNG & LOGAN
                                                 Attorneys for Specially Appearing
7                                                Defendant
                                                 HYUNDAI MERCHANT MARINE
8                                                (AMERICA) INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

25    - 2 -

KYL_LB1559525

DEFENDANT HYUNDAI MERCHANT MARINE (AMERICA) INC.'S NOTICE TO THE ADVERSE
PARTY OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT

1          **PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

          I am employed in the County of Los Angeles, State of California.  I am over the
4    age of 18 and not a party to the within action; my business address is Keesal, Young &
     Logan, 400 Oceangate, P.O. Box 1730, Long Beach, California  90801-1730.

5
          On November 29, 2012, I served the foregoing documents described as
6    **DEFENDANT HYUNDAI MERCHANT MARINE (AMERICA) INC.'S NOTICE TO
     THE ADVERSE PARTY OF REMOVAL OF ACTION TO THE UNITED STATES
7    DISTRICT COURT** on the parties in this action by placing a true copy thereof enclosed
     in a sealed envelope addressed as follows:

8
          Mark B. Fredkin                         Attorneys for Plaintiff,
9         William Siamas                          TUNG TAI GROUP
          Morgan, Franich, Fredkin & Marsh
10        99 Almaden Blvd., Suite 1000
          San Jose, CA 95113-1613
11        Tel: (408) 288-8288  Fax: (408) 288-8325

12
          ☒    BY U.S. MAIL: I enclosed the documents in a sealed envelope or package
13   addressed to the above-named persons at the addresses exhibited therewith and I placed
     the envelope for collection and mailing, following our ordinary business practices.  I am
14   readily familiar with this firm's practice for collecting and processing correspondence for
     mailing.  On the same day that correspondence is placed for collection and mailing, it is
15   deposited in the ordinary course of business with the United States Postal Service, in a
     sealed envelope with postage fully prepaid.

16
     I am a resident or employed in the county where the mailing occurred.  The envelope or
17   package was placed in the mail at Long Beach, California.

18        Executed on November 29, 2012 at Long Beach, California.

19        I declare under penalty of perjury under the laws of the State of California and
     United States of America that the foregoing is true and correct.

20
          I declare that I am employed in the office of a member of the bar of this Court at
21   whose direction the service was made.

22
                              _____
23                                  TAMMY WADE

24

25

26

27

28