UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| TUNG TAI GROUP, | No. C 12-6045 MEJ |
| Plaintiff, | **ORDER RE: DEFENDANT'S MOTION TO DISMISS OR STAY** |
| v. | |
| HYUNDAI MERCHANT MARINE (AMERICA) INC, | **Re: Docket No. 11** |
| Defendant. | |

**INTRODUCTION**

Plaintiff Tung Tai Group brings this action against Defendant Hyundai Merchant Marine (America), Inc. for loss of cargo. Now before the Court is Defendant's Motion to Dismiss or, in the alternative, stay all further proceedings on the grounds that venue is improper. Dkt. No. 11. Pursuant to Civil Local Rule 7–1(b), the Court finds the matter appropriate for determination without oral argument and VACATES the April 4, 2013 hearing. For the reasons set forth below, the Court DENIES Defendant's Motion WITHOUT PREJUDICE.

**BACKGROUND**

The following factual allegations are taken from Plaintiff's Complaint. Dkt. No. 1. Plaintiff is a California corporation with its principal place of business in San Jose, California. Defendant is a California corporation doing business in San Francisco, California. On March 26 and 27, 2012, Defendant contracted with Plaintiff to take delivery of several containers of scrap metal owned by Plaintiff in Oakland, California, and ship them to arrive at a port in Korea aboard the vessel Hyundai Singapore. When the vessel arrived in Korea, Plaintiff's containers were missing. Hyundai represented the containers had been washed overboard and lost at sea during the voyage. Plaintiff now sues for breach of contract, negligence, and conversion.

1     On January 17, 2013, Defendant filed the present Motion to Dismiss. Dkt. No. 11. In its
2 Motion, Defendant argues that venue is improper in the Northern District of California because the
3 forum selection clause contained in the relevant bills of lading at issue in the Complaint precludes
4 Plaintiff from bringing any claims against Defendant before this Court. Defendant argues that
5 dismissal is appropriate because the forum selection clause requires that Plaintiff's claims arising
6 under or in connection with the bills of lading to be referred to the Seoul Civil District Court in
7 Korea.

## LEGAL STANDARD

9     Under Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss a
10 complaint for improper venue. Generally, courts look to the venue provisions of 28 U.S.C. § 1391 to
11 determine whether venue is proper. However, even if venue would otherwise be proper under 28
12 U.S.C. § 1391, a defendant may move to dismiss under Rule 12(b)(3) on the basis of a forum
13 selection clause. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). When
14 considering a motion to dismiss pursuant to Rule 12(b)(3), a court need not accept the pleadings as
15 true and may consider facts outside of the pleadings. *Id.* Once the defendant has challenged the
16 propriety of venue in a given court, the plaintiff bears the burden of showing that venue is proper.
17 *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). Pursuant to 28
18 U.S.C. § 1406(a), if the court determines that venue is improper, the court must either dismiss the
19 action or, if it is in the interests of justice, transfer the case to a district or division in which it could
20 have been brought. Whether to dismiss for improper venue, or alternatively to transfer venue to a
21 proper court, is a matter within the sound discretion of the district court. *King v. Russell*, 963 F.2d
22 1301, 1304 (9th Cir. 1992).

## DISCUSSION

24     Here, the Court finds that it is unable to make a determination regarding Defendant's Motion
25 based on the record before it. As part of its Motion, Defendant requests that the Court take judicial
26 notice of what it calls the "standard terms which appear on the reverse side of the bills of lading"
27 attached to Plaintiff's Complaint. Def.'s Req. for Jud. Notice, Dkt. No. 11-2. Defendant argues that

the cargo was being shipped pursuant to these terms and conditions. However, Plaintiff argues that these terms and conditions were not part of the bills of lading or any contract between the parties. Pl.'s Obj., Dkt. No. 17-1. Plaintiff further argues that the full bills of lading relevant to this case are the one-page documents attached to its Complaint, whereas the terms and conditions attached to Defendant's request are ten pages. *Id.* "A judicially noticed fact must be one not generally subject to reasonable dispute that is either generally known within this territorial jurisdiction or is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *IMCO, L.L.C. v. Ford*, 2011 WL 5117265, at *4 (N.D. Cal. Oct. 27, 2011) (citing Fed. R. Evid. 201). Here, given that the parties disagree on what even constitutes the bills of lading, the Court finds that the actual terms are subject to reasonable dispute and it would therefore be inappropriate to take judicial notice of the terms and conditions in Defendant's request.

Further, Plaintiff's counsel argues that, since the filing of this action, counsel learned that the parties entered into a separate "Service Agreement" to govern their dealings. Siamis Decl. at 1, Dkt. No. 17-2. Plaintiff requests leave to amend the complaint to clarify this circumstance. Given that there is disagreement regarding what constitutes the parties' agreement, the Court finds that a venue determination cannot be made at this time. Instead, the Court finds it prudent to allow Plaintiff to amend its Complaint, after which Defendant may bring a renewed motion to dismiss, if appropriate at that time.

**CONCLUSION**

Based on the analysis above, the Court DENIES Defendant's Motion to Dismiss WITHOUT PREJUDICE. Plaintiff shall file an amended complaint by April 10, 2013.

**IT IS SO ORDERED.**

Dated: March 25, 2013

_____
Maria-Elena James
United States Magistrate Judge

3

Case3:12-cv-06045-MEJ Document20 Filed03/25/13 Page4 of 4